subsequent to a grant to the defendant, and the defendant's possession under its grant, is within the purview of section 260 of the Real Property Law. However, the complaint is not so positive in its allegations of what the defendant acquired as to justify a dismissal of it, and in our opinion there should be a trial of the issues followed by appropriate findings. Lazansky, P. J., Young, Kapper, Carswell and Tompkins, JJ., concur.

MOMCLAY, INC., Plaintiff, v. WILLIAM J. CAMPBELL and Others, Defendants. ELEANOR SIEGEL, Receiver, Appellant, v. THE MOUNT VERNON TRUST COMPANY, Depository, Respondent.*— Order denying the receiver's motion to turn over the balance on deposit with the Mount Vernon Trust Company reversed on the law and the facts, with ten dollars costs and disbursements, and the motion granted, without costs. While the order appointing the receiver did not contain a provision naming the depository, it appears that the depository selected by the receiver was served with a copy of the order appointing her as receiver. That order brought home to the trust company knowledge of the fact that the funds in the hands of the receiver were court funds, and were by express provision in the order subject to further order of the court. That fact brought this situation within the principle of *Emigrant Industrial Savings Bank* v. *Scott's Bridge Realty Co., Inc.* (240 App. Div. 779). The cases of *Matter of Bank of United States* (*Moore*) (261 N. Y. 645; 236 App. Div. 826) and *Matter of Egan* (*Broderick*) (258 N. Y. 334) are to be distinguished. In the *Egan* case title vested in the administrator perforce letters of administration, which related back to the date of the testator's death. In the *Moore* case the effect of the non-vesting of title to the personal property was either not made to appear to the depository or the court, or the court's attention was not directed to it. (*Matter of Ireland*, 231 App. Div. 288; *Kent* v. *West*, 33 id. 112; appeal dismissed, 163 N. Y. 589.) In the case at bar the title to the personal property in the hands of the receiver never vested in her. It was merely *in custodia legis*. The acceptance of the deposit with knowledge of its character as court funds, and, therefore, in the nature of a trust, in effect made the bank a party to the action and amenable to the directions of the court in respect thereto. The circumstances of the deposit made it a special deposit or bailment. This precluded the ordinary relation of debtor and creditor from arising, since the moneys were deposited by the receiver in her name as receiver in the action, with knowledge of the nature of the funds and lack of title of the receiver brought home to the bank. Lazansky, P. J., Young, Kapper, Carswell and Tompkins, JJ., concur.

MARTIN MULAWKA, Respondent, v. ELMER W. HOWELL and Others, Appellants. — Judgment of the County Court of Suffolk county unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Kapper, Carswell and Tompkins, JJ.

NORTH BRITISH AND MERCANTILE INSURANCE COMPANY, LTD., Appellant, v. WILLIAM M. SIMONSON and JOHN W. SIMONSON, Respondents.— Order denying plaintiff's motion for summary judgment reversed on the law and the facts, with ten dollars costs and disbursements, motion granted, with ten dollars costs, and the matter referred back to the Special Term for an assessment of the amount due the plaintiff, pursuant to subdivisions 4 and 8 of rule 113 of the Rules of Civil Practice, at which time the defendants may prove any deductions from the plaintiff's claim to which they may be entitled, by reason of canceled policies or

---

* Revd., 264 N. Y. 611.

otherwise. In our opinion, the allegations in the complaint of conversion are surplusage and may be disregarded. Eliminating those allegations, the complaint states causes of action on contract. Defendants admit an unliquidated indebtedness to the plaintiff. Lazansky, P. J., Young, Kapper, Carswell and Tompkins, JJ., concur.

MICHAEL O'CONNOR, Respondent, v. CHARLES W. HULL, Appellant.— Judgment unanimously affirmed, with costs. No opinion. The appeal "from an order entered upon the clerk's minutes" is dismissed upon the ground that an appeal from such an entry does not lie. Present — Lazansky, P. J., Young, Kapper, Carswell and Davis, JJ.

JESSIE B. O'NEIL, Respondent, v. JOHN FARR, JR., and Others, Copartners Doing Business under the Firm Name and Style of FARR & Co., Appellants.— On the court's own motion the decision of this court handed down on November 13, 1933 [ante, p. 901], is hereby amended to read as follows: Order in so far as appealed from affirmed, with fifty dollars costs and disbursements, with leave to the defendants to serve an answer within ten days from the entry of an order herein. No opinion. Lazansky, P. J., Kapper, Hagarty, Carswell and Davis, JJ., concur.

PARK TISSUE MILLS, INC., Appellant, v. AMERICAN CHICLE COMPANY, Respondent, and THE CITY OF NEW YORK, Defendant.— Judgment reversed on the law and a new trial granted, with costs to abide the event. We are of opinion that it was error to dismiss the complaint on the opening, without hearing proof; and that this case does not as a matter of law fall within the rule laid down in *Kirshenbaum* v. *General Outdoor Adv. Co.* (258 N. Y. 489). In that case it appears that there was no covenant to repair; in this case there was such a covenant in the lease, and it must have had some purpose or meaning in respect to the liability of the landlord. It may be necessary for the plaintiff to amend and assert some theory of liability other than negligence. Before it is foreclosed as to its right to recover, opportunity to amend should be afforded, together with the right to present evidence on the subject of the relation of the parties and the circumstances surrounding the execution of the lease, so that the conflicting provisions therein may be better understood in the light of an apparent breach of the covenant to repair. Lazansky, P. J., Young, Hagarty, Tompkins and Davis, JJ., concur.

PHŒNIX INSURANCE COMPANY OF HARTFORD, CONNECTICUT, Appellant, v. WILLIAM M. SIMONSON and JOHN W. SIMONSON, Respondents.— Order denying plaintiff's motion for summary judgment reversed on the law and the facts, with ten dollars costs and disbursements, motion granted, with ten dollars costs, and the matter referred back to the Special Term for an assessment of the amount due the plaintiff, pursuant to subdivisions 4 and 8 of rule 113 of the Rules of Civil Practice, at which time the defendants may prove any deductions from the plaintiff's claim to which they may be entitled, by reason of canceled policies or otherwise. In our opinion, the allegations in the complaint of conversion are surplusage and may be disregarded. Eliminating those allegations, the complaint states a cause of action on contract. Defendants admit an unliquidated indebtedness to the plaintiff. Lazansky, P. J., Young, Kapper, Carswell and Tompkins, JJ., concur.

PULASKI PLUMBING SUPPLY COMPANY, Appellant, v. JOSEPH CAPONE, INC., Respondent, and ATHENS BUILDING CORPORATION, Defendant.— Judgment